# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER COLORADO<br>1437 Bannock Street, Suite 256<br>Denver, Colorado  80202<br>Telephone:  (720) 865-8301 | DATE FILED: February 12, 2015 5:11 PM<br>FILING ID: 437C86A4F0049<br>CASE NUMBER: 2015CV30526 |
| **Plaintiff:**<br><br>**MUSCLEPHARM CORPORATION**<br><br>v.<br><br>**Defendant:**<br><br>**LIBERTY INSURANCE UNDERWRITERS, INC.** | ▲   COURT USE ONLY   ▲ |
| *Attorneys for Plaintiff*<br>Christopher R. Mosley, #24440<br>Adrian J. Leonard IV, #42296<br>SHERMAN & HOWARD L.L.C.<br>633 17th Street, Suite 3000<br>Denver, Colorado 80202<br>Phone Number:  (303) 297-2900<br>Fax Number:  (303) 298-0940<br>E-Mail: cmosley@shermanhoward.com;<br>          aleonard@shermanhoward.com | Case Number:<br><br><br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff MusclePharm Corporation ("MusclePharm"), by its attorneys, Sherman & Howard L.L.C., for its Complaint and Jury Demand against Defendant Liberty Insurance Underwriters, Inc. ("Liberty"), alleges as follows:

## PARTIES

1. MusclePharm is a Nevada corporation with a principal place of business in Denver, Colorado.  MusclePharm is authorized to conduct business in the State of Colorado.

2. Upon information and belief, Liberty is a New York Corporation with its principal place of business located in New York, New York.  Upon information and belief, Liberty is authorized to conduct business in the State of Colorado.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124(1) because the causes of action alleged in the Complaint arise from the transaction of business within the State of Colorado, the commission of tortious acts within the State of Colorado, and a contract to insure a person, property, or risk residing within the State of Colorado at the time of contracting.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the claims relate to torts committed in Denver and arise from a contract to be performed in Denver.

## GENERAL ALLEGATIONS

5. This action arises from the wrongful and unreasonable denial of coverage by Liberty for losses MusclePharm has incurred and will continue to incur in connection with a Formal Order of Investigation initiated by the Securities Exchange Commission ("SEC") against MusclePharm.

**The SEC Investigation**

6. On July 8, 2013, the SEC initiated a formal investigation against MusclePharm entitled *In the Matter of MusclePharm Corp.*, Docket No. D-03309 ("SEC Proceeding").

7. The SEC initiated the SEC Proceeding through an "Order Directing Private Investigation and Designating Officers to Take Testimony" ("Formal Order"). In the Formal Order, the SEC identified possible violations of the Securities Act and the Securities Exchange Act by MusclePharm and its directors, officers, employees, partners, and other affiliated individuals.

8. The SEC subsequently issued numerous subpoenas to MusclePharm and various current and former MusclePharm directors and officers ("SEC Subpoenas"). MusclePharm and the individual directors and officers have responded to the subpoenas.

9. MusclePharm has incurred significant expense in responding to the SEC Subpoenas issued to MusclePharm. MusclePharm also has incurred significant expense indemnifying current former directors and officers for the expenses they have incurred in responding to the SEC Subpoenas.

**Liberty's Policy**

10. Liberty issued an Executive Advantage Policy ("Policy"), policy number DONYAALVW002, to MusclePharm for the policy period January 6, 2013 through January 6, 2014.

11. Pursuant to the Policy, Liberty agreed to cover all Loss (as defined by the Policy) MusclePharm incurred in excess of the Policy's retention in connection with Claims covered by the Policy.

12. The SEC Investigation constitutes a Claim covered by the Policy. As such, the Policy requires Liberty to cover all Loss MusclePharm incurs in excess of the Policy's retention connection with the SEC Investigation.

13. The expenses MusclePharm has incurred in responding to the SEC subpoenas and indemnifying current former directors and constitute "Loss" as defined by the Policy.

**Liberty's Wrongful Denial of Coverage**

14. MusclePharm properly and timely requested coverage from Liberty for the expenses MusclePharm incurred in connection with the SEC Proceeding.

15. Liberty denied MusclePharm's claim on the ground that the SEC Proceeding did not constitute a "Claim" as defined in the Policy.

16. MusclePharm subsequently requested Liberty to reconsider its denial as the Policy's definition of Claim clearly encompassed the SEC Proceeding.

17. Liberty rejected MusclePharm's request for reconsideration and, instead, reaffirmed its denial. Liberty then dropped MusclePharm as an insured in retaliation for seeking coverage for the SEC Proceeding.

## FIRST CLAIM FOR RELIEF
**Breach of Contract**

18. MusclePharm incorporates the preceding paragraphs as if set forth in full herein.

19. Liberty issued the Policy, which constitutes a contract, to MusclePharm. The Policy requires Liberty to cover all "Loss" MusclePharm incurs in connection with a covered claim.

20. The SEC Proceeding constitutes a covered claim under the Policy.

21. The expenses MusclePharm incurred in connection with the SEC Proceeding constitute "Loss" under the Policy.

22. Accordingly, the Policy requires Liberty to reimburse MusclePharm for the expenses MusclePharm has incurred in connection with the SEC Proceeding.

23. Liberty breached the Policy by denying MusclePharm's claim.

24. MusclePharm has suffered damages in an amount to be established at trial.

25. MusclePharm has satisfied all conditions precedent to recovery under the Policy.

## SECOND CLAIM FOR RELIEF
### Violation of C.R.S. §§ 10-3-1115, 1116

26. MusclePharm incorporates the preceding paragraphs as if set forth in full herein.

27. Liberty is engaged in the business of insurance.

28. MusclePharm is a first-party claimant as that term is defined under C.R.S. §§ 10-3-1115, 1116.

29. Liberty unreasonably delayed and/or denied payment of a claim for benefits owed to or on behalf of MusclePharm by refusing to reimburse MusclePharm for the expenses MusclePharm has incurred in connection with the SEC Proceeding.

30. Liberty's denial of payment of benefits owed to MusclePharm was unreasonable because Liberty denied payment of a covered benefit without a reasonable basis.

31. MusclePharm has suffered injury as a result of Liberty's unreasonable denial of payment of benefits to MusclePharm in an amount to be established at trial.

32. Pursuant to C.R.S. § 10-3-1116, MusclePharm is entitled to an award of two times the covered benefits, in addition to the covered benefits, and attorneys' fees and costs from Liberty.

## THIRD CLAIM FOR RELIEF
### Common Law Bad Faith Breach

33. MusclePharm incorporates the preceding paragraphs as if set forth in full herein.

34. The Policy contains an implied covenant of good faith and fair dealing under which Liberty agreed to treat its insureds fairly, honestly and in good faith, faithfully perform its duties under the Liberty Policy, and do nothing to impair, interfere, hinder, or potentially injure its insureds' rights to receive the benefits of the Policy.

35. Liberty breached its implied duty of good faith and fair dealing by failing to fulfill its duty to reimburse MusclePharm for the expenses MusclePharm has incurred in connection with the SEC Proceeding, failing to investigate MusclePharm's claim properly, failing to

4

communicate with MusclePharm properly, and unjustly dropping MusclePharm as an insured in retaliation for MusclePharm's tender of a claim, as set forth more fully above without reasonable justification or excuse.

36. As a result of Liberty's bad faith breach of the Policy, MusclePharm has suffered damages in an amount to be established at trial.

37. The injuries resulting from Liberty's bad faith breach of the Policy are attended by circumstances of malicious and willful and wanton conduct, entitling MusclePharm to an award of exemplary damages. Accordingly, MusclePharm reserves the right to amend its Complaint at the appropriate time to assert a claim for punitive damages.

WHEREFORE, MusclePharm respectfully requests that judgment be entered as follows:

a) Judgment in its favor and against Liberty on all claims;

b) Compensatory damages in connection with the claims asserted, together with expert witness fees and costs, as permitted by law, in an amount to be determined;

c) Damages in the amount of two times the covered benefit under the Policy pursuant to C.R.S. § 10-3-1116;

d) Attorneys' fees and court costs pursuant to C.R.S. § 10-3-1115 and -1116, as well as any other applicable law;

e) Pre-judgment interest, post-judgment interest, moratory interest, and any other interest as permitted by law; and

f) Such other and further relief as the Court deems proper.

**MusclePharm requests a jury trial on all issues so triable.**

DATED: February 12, 2015.

RESPECTFULLY SUBMITTED,

SHERMAN & HOWARD L.L.C.

By: *Christopher R. Mosley*
    Christopher R. Mosley, #24440
    Adrian J. Leonard IV, #42296
    633 Seventeenth Street, Suite 3000
    Denver, Colorado 80202
    (303) 297-2900

    Attorneys for Plaintiff MusclePharm

<u>Address of Plaintiff</u>:
4721 Ironton Street, Unit A
Denver, CO 80239